**NOT FOR PUBLICATION**

FILED



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTIAGO MARTINEZ, | No.    14-72593 |
| Petitioner, | Agency No. A070-063-758 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2017[**]
Pasadena, California

Before:  D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Santiago Martinez ("Petitioner" or "Martinez"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals's ("BIA") denial of his claim for special rule cancellation of removal under Section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, which include the "application of law to undisputed facts." *Barrios v. Holder*, 581 F.3d 849, 857 (9th Cir. 2009) (citations and internal quotation marks omitted). "Factual findings are reviewed for substantial evidence." *Id.* at 854 (citation omitted). We **GRANT** the petition for review and **REMAND**.

1. Under Section 309(f) of the Illegal Immigration and Immigrant Responsibility Act ("IIRIRA"), as amended by Section 203 of NACARA, the Attorney General has discretion to "cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence" an alien who, among other things, demonstrates he "has been a person of good moral character" during the "7 years immediately preceding the date of [his] [NACARA] application." IIRIRA § 309(f), *as amended by* NACARA § 203. "No person 'who has given false testimony for the purpose of obtaining any [immigration] benefits' during the relevant period for which good moral character is required shall be found to be a

person of good moral character." *Aragon-Salazar v. Holder*, 769 F.3d 699, 701–02 (9th Cir. 2014) (citing 8 U.S.C. § 1101(f)(6)).

The only issue we must reach is whether it was proper for the IJ, in assessing Martinez's "good moral character" under NACARA, to consider the allegedly false testimony he gave at hearings conducted in 2003, 2007, and 2011, when he filed his initial NACARA application in 2000. Petitioner alleges the seven-year period for showing "good moral character" ended on November 6, 2000, when he filed his initial application. The government contends the seven-year period ended on May 25, 2010, when he filed his updated application.

In *Aragon-Salazar*, this Court held "the seven-year period during which good moral character is required under NACARA *ends on the date of the filing of the application*." 769 F.3d at 701 (emphasis added). "[U]pdates to [the] initial application" do not extend the period under which a court assesses good moral character. *Id.* at 706–07. Here, Martinez filed his initial application on November 6, 2000, and he must therefore "show good moral character [during] the seven-year period preceding [this date]." *Id.* at 707. "[Martinez's] purportedly false statements were given [in 2003, 2007, and 2011]." *Id.* "[All] of these dates are outside the relevant time period during which good moral character is required

under NACARA [Section] 203," and hence, the BIA erred in affirming the IJ's denial of Martinez's NACARA application on this basis. *Id.*

2. The government's contentions Martinez's initial application was withdrawn, and that he filed a new application on May 25, 2010, are meritless under the circumstances of this case.

First, neither the IJ nor the BIA made any findings as to whether Petitioner—or someone else—withdrew the initial application. Indeed, the BIA appears to have held the seven-year period for assessing good moral character ended in 2011, when the IJ issued her decision on the application, not on the dates Petitioner filed his initial and updated applications. Such a finding, however, runs contrary to *Aragon-Salazar*, where this Court held a NACARA applicant need not "show good moral character up to the point [of] a final administrative decision" because the application is not "continuing" in nature. *See id.* at 702 (citation omitted).

Even if the immigration judge or the BIA had made a finding the application had been withdrawn, it was not supported by substantial evidence. *Barrios*, 581 F.3d at 854 (citation omitted). Here, the BIA *sua sponte* reopened this case on December 29, 2009, *based on the immigration judge's failure to consider Martinez's initial NACARA application, filed on November 6, 2000.* If the

4

application had been withdrawn, there would have been no need for the BIA to remand the case to the immigration judge to consider the application in the first instance. On remand, the immigration judge permitted Martinez to file an "amended" NACARA application, and Martinez filed his "UPDATED . . . APPLICATION FOR . . . SPECIAL RULE CANCELLATION OF REMOVAL" on May 25, 2010. Finally, Martinez's counsel never conceded the accuracy of the government lawyer's claim that the original application was withdrawn, and the government introduced no evidence to support that claim. Hence, under the circumstances of this case, the facts establish Petitioner filed an *update* to his initial application, not a new application.

Given only the initial application date, and not the date of any update, controls when the seven-year period for demonstrating good moral character ends, the time period ended in this case on November 6, 2000. *See Aragon-Salazar*, 769 F.3d at 701, 706–07.

**PETITION FOR REVIEW GRANTED; REMANDED.**